**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 03-81060

JIHAN JABERO,

    Defendant.

                                                  /

**OPINION AND ORDER NOTIFYING DEFENDANT OF INTENT TO CONSTRUE AS A MOTION UNDER 28 U.S.C. § 2255 AND SETTING DEADLINES**

Pending before the court is Defendant Jihan Jabero's "Motion to Vacate Conviction and Guilty Plea for Ineffective Assistance of Counsel," filed on April 29, 2011. In her motion, Defendant seeks to have her conviction and guilty plea vacated because they violate the Constitution. For the reasons stated below, the court intends to construe Defendant's motion as one for relief from judgment under 28 U.S.C. § 2255.

**I. BACKGROUND**

On October 31, 2005, the court accepted Defendant's guilty plea to three counts of a second superseding indictment. Defendant was subsequently sentenced to 6 months' imprisonment on April 17, 2006. She did not appeal. Approximately five years later, she filed the instant motion asking that her conviction and guilty plea be vacated for ineffective assistance of counsel. Specifically, Defendant asserts that counsel did not advise her that she could face deportation as a result of her guilty plea, and that she

specifically pleaded guilty to three misdemeanors to avoid the prospect of deportation. According to Defendant, after serving her sentence she was immediately placed into the custody of the Department of Homeland Security, and deportation proceedings have been instituted against her. Defendant argues that counsel's advice resulting in her guilty plea ran contrary to *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), where the Supreme Court recently held that counsel has a constitutional duty to inform alien defendants of the potential immigration consequences of a guilty plea.

## II.  DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Such motion, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Although Defendant does not specifically refer to § 2255 in her motion, the relief requested is consistent with a motion to vacate sentence under § 2255.  Before characterizing Defendant's filing as a § 2255 motion, however, Defendant must be given the opportunity to withdraw her motion.  *See In re Shelton*, 295 F.3d 620, 622 (6th Cir.

2002). This is typically because "[a]n unintended byproduct of [liberally construing pro se filings as § 2255 petitions] . . . is that it may effectively deprive an uninformed pro se litigant of the future opportunity to file a motion to vacate his sentence under § 2255." *Id.* at 621. Despite the fact that Defendant is represented by counsel, the same principle applies. After Defendant files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act prevents her from filing a second or successive § 2255 motion unless the motion involves "newly discovered evidence" or "a new rule of constitutional law . . . that was previously unavailable." 28 U.S.C. § 2255(h). Thus, Defendant must be aware that the court's construction of her motion may limit her ability to pursue future avenues of collateral relief and must be given the opportunity to agree with the court's construction or withdraw the motion.

### III. CONCLUSION

IT IS ORDERED that Defendant is hereby NOTIFIED that the court intends to construe her "Motion to Vacate Conviction and Guilty Plea for Ineffective Assistance of Counsel" [Dkt. # 116] as a motion for relief under 28 U.S.C. § 2255. By **May 13, 2011**, Defendant may either withdraw the motion, file an amended motion under § 2255, or file a "Notice of Agreement" with the court's characterization.

Unless Defendant withdraws the motion, IT IS ORDERED that the Government shall respond to the motion or amended motion by **May 27, 2011**. Any optional reply shall be due by **June 10, 2011**.

>                              s/Robert H. Cleland
>                              ROBERT H. CLELAND
>                              UNITED STATES DISTRICT JUDGE

Dated:  May 4, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 4, 2011, by electronic and/or ordinary mail.

>                              s/Lisa G. Wagner
>                              Case Manager and Deputy Clerk
>                              (313) 234-5522